IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60884
Summary Calendar
_____

UNITED STATES OF AMERICA

      Plaintiff - Appellee

  v.

CUYLER A. DODSON

      Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-85-ALL-BS
--------------------
August 15, 2001

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

    Cuyler A. Dodson appeals his guilty-plea conviction and
sentence for simple possession of crack cocaine.  He asserts that
the district court erred in holding that he was subject to an
enhanced maximum of two years' imprisonment under 21 U.S.C. § 844
because the Government failed to file an information under 21
U.S.C. § 851 giving notice of its intent to use his prior drug
conviction for that purpose.  Because Dodson did not object to
this maximum sentence in the district court, review is for plain

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

error.  See United States v. Olano, 507 U.S. 725, 731-37 (1993).
Dodson has failed to show that this error "seriously affect[ed]
the fairness, integrity, or public reputation" of the
proceedings.  Id. at 735-36.

Dodson also contends that the district court abused its
discretion in departing upward seven levels and in sentencing him
to a maximum twenty-four month sentence.  He has failed to show
that the drug quantity alleged in the indictment and set forth in
the presentence report did not bring his case out of the
"heartland" of cases involving a smaller drug quantity, which set
the basis for the maximum statutory sentence Dodson faced.  He
also failed to show that the district court's other stated
reasons for the upward departure, which included an
underrepresented criminal history category, a dismissed felon-in-
possession count, and Dodson's disrespect for the law, were not
appropriate bases for an upward departure or that the extent of
the court's departure was unreasonable.  See United States v.
Lopez-Escobar, 884 F.2d 170, 173 (5th Cir. 1989); United States
v. McDowell, 109 F.3d 214, 219 (5th Cir. 1997).

Dodson contends that the district court erred in denying his
motion to suppress the evidence.  The district court relied upon
a credibility determination to conclude that the stop and arrest
of Dodson were proper, that Dodson provided consent to search his
vehicle and home, and that Dodson freely and voluntarily waived
his rights.  This court may not second-guess the district court's
findings as to the credibility of witnesses.  United States v.

Garza, 118 F.3d 278, 283 (5th Cir. 1997).  Dodson's conviction is AFFIRMED.

Dodson has also moved for release pending appeal.  This motion is DENIED.

AFFIRMED; MOTION FOR RELEASE PENDING APPEAL DENIED.